| | |
|---|---|
| 1 | THOMAS R. BURKE (State Bar No. 141930) |
| | DAVIS WRIGHT TREMAINE LLP |
| 2 | 505 Montgomery Street, Suite 800 |
| | San Francisco, California  94111 |
| 3 | Telephone: (415) 276-6500 |
| | Facsimile: (415) 276-6599 |
| 4 | Email:   thomasburke@dwt.com |

Attorneys for Plaintiff
THE CENTER FOR INVESTIGATIVE REPORTING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING, | Case No. 3:20-cv-06641 |
| Plaintiff, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 ET SEQ.** |
| vs. | |
| CENTRAL INGELLIGENCE AGENCY; U.S. DEPARTMENT OF JUSTICE; FEDERAL BUREAU OF INVESTIGATION; U.S. DRUG ENFORCEMENT ADMINISTRATION; U.S. DEPARTMENT OF STATE; U.S. DEPARTMENT OF DEFENSE; NORTHERN COMMAND; and U.S. DEFENSE INTELLIGENCE AGENCY, | |
| Defendants. | |

Plaintiff THE CENTER FOR INVESTIGATIVE REPORTING, a California corporation, by its undersigned attorneys, alleges as follows:

## I. INTRODUCTION

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and or other appropriate relief regarding FOIA requests submitted by The Center for Investigative Reporting ("CIR") for the processing and release of agency records requested from the Central Intelligence Agency ("CIA"), U.S. Department of Justice ("DOJ"), the Federal Bureau of Investigation ("FBI"), the U.S. Drug Enforcement Administration ("DEA"), U.S. Department of State (and its Office of Information Programs and Services) ("DOS"), the U.S. Department of Defense ("DOD"), the Northern Command ("USNC"), and the U.S. Defense Intelligence Agency ("DIA"), for records in Defendants' possession regarding the disappearance of 43 Mexican students from the Escuela Normal Rural Raul Isidro Burgos in Iguala, Guerrero, Mexico including the many investigations that followed.

2. Los Guerreros Unidos[1], a Mexican transnational criminal organization, is associated with the forced disappearance of 43 Mexican students from a teaching college in the town of Ayotzinapa in Guerrero, Mexico. On September 26, 2014, Guerrero police stopped three buses of students bound for the city of Iguala, and surrounded them before opening fire. Ryan Devereaux, *Ghosts of Iguala*, THE INTERCEPT, May 4, 2015, https://theintercept.com/2015/05/04/how-43-students-disappeared-in-mexico-part-1/. The shootout continued throughout the night, and ultimately six people—including bystanders—were killed, and 43 of the students were allegedly taken into police custody, never to be heard from again. *Id.* The Mexican government asserted that it had conclusively determined that the missing

---

[1] See Ioan Grillo, *Mexico's New, Deadlier Crime Lords*, U.S. NEWS & WORLD REPS., Dec. 8, 2017, https://www.usnews.com/news/best-countries/articles/2017-12-08/splintering-of-cartels-in-mexico-pushes-deadly-violence-to-record-levels. The DEA reported in 2019 that Los Guerreros Unidos continues to be involved in the trafficking of heroin from Mexico the U.S., with "distribution centers in Phoenix, Los Angeles, and Chicago." DRUG ENF'T AGENCY, DEA-DIR-007-20, NATIONAL DRUG THREAT ASSESSMENT (2019), at 100, *available at* https://www.dea.gov/sites/default/files/2020-01/2019-NDTA-final-01-14-2020_Low_Web-DIR-007-20_2019.pdf.

students were turned over to Los Guerrerors Unidos members and killed, and that their bodies were burned in a dump near Iguala, but independent experts, witnesses, and the families of the students dispute this account.  *Id.*  Testimony given to Mexican prosecutors in early 2015 suggests that the attack may have been motivated by the belief that a rival gang was aboard the commercial buses that were the subject of the ambush.  Melissa del Pozo, Hans-Maximo Musielik, & Rafael Castillo, *The Executioners: What the Mexican Government Hasn't Revealed About the Mexico Student Massacre*, VICE, Jan. 20, 2015, https://www.vice.com/en_us/article/qvaqy3/the-executioners-what-the-government-hasnt-said-about-the-mexico-student-massacre.  The disappearance of these students remains the subject of ongoing international attention.  *See* Marina Franco, *Five Years Ago, 43 Students Vanished. The Mystery, and the Pain, Remain*, N.Y. TIMES, Sept. 26, 2019 (article about the disappearance commemorating its fifth anniversary); https://www.wola.org/analysis/analysis-and-information-on-mexicos-ayotzinapa-case/; https://www.amnesty.org/en/latest/news/2015/09/mexico-ayotzinapa-student-s-enforced-disappearance-timeline/ ; https://eaaf.org/dna-analysis-identifies-second-mexican-student-among-43-disappeared-in-2014/ ; https://www.nytimes.com/2020/07/07/world/americas/mexico-43-missing-students-remains.html?searchResultPosition=1.

   3. Beginning in May of 2020, CIR, through its reporter Anayansi Diaz-Cortes, filed multiple FOIA Requests with Defendants, seeking the release of documents (from the period September 1, 2014 to the present) regarding the disappearance of the 43 Mexican students and related issues.  Attached as **Exhibit A** is a summary of CIR's collective FOIA requests.  In spite of repeated efforts to learn information about this incident of substantial public interest, Defendants have failed to produce a *single* record, constructively denying CIR's FOIA Requests.  CIR brings this action to secure judicial enforcement of Defendants' statutory obligations under FOIA.

   4. The Freedom of Information Act "focuses on the citizens' right to be informed about 'what their government is up to,'" by requiring the release of "[o]fficial information that sheds light on an agency's performance of its statutory duties." *DOJ v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 750, 773 (1989) (citation omitted). "[D]isclosure, not

2

secrecy, is the dominant objective" of FOIA. *Dep't of Interior v. Klamath Water Users Protective Ass 'n,* 532 U.S. 1, 8, (2001) (internal quotation marks and citations omitted). VOSD plays a critical role in providing information to citizens about "what their government is up to." Indeed, the First Amendment's guarantee of freedom of the press is meant to enable journalists to play an "essential role in our democracy," to "bare the secrets of government and inform the people." *New York Times. Co. v. United States,* 403 U.S. 713, 717 (1971) (Black, J. concurring).

5. Through its FOIA Requests to Defendants, CIR sought to fulfill its journalistic function and to shine a public light on the federal government's records of its activities following the disappearance of these 43 students and issues related to their disappearance. Because Defendants have neglected their duties under FOIA, CIR requests that this Court order these federal agencies to promptly comply with their statutory obligations, enjoin them from further inaction and delay, and to order them to reimburse CIR its attorney's fees and costs incurred as a result of this litigation.

## II.   PARTIES

6. Plaintiff CIR publishes *Reveal*, an online news site, at revealnews.org, and *Reveal*, a weekly public radio show with approximately 3 million listeners per week. Founded in 1977 as the nation's first non-profit investigative news organization, CIR has received multiple awards for its reporting. CIR is a non-profit established under the laws of the State of California, with its primary office in Emeryville, California.

7. Defendant CIA is a federal agency within the meaning of 5 U.S.C. § 552(f). CIR is informed and believes that the CIA has possession and control of the records sought by its Requests.

8. Defendants DOJ is a federal agency and Defendants FBI and the DEA are components of the DOJ. All are federal agencies within the meaning of 5 U.S.C. § 552(f). CIR is informed and believes that the DOJ, the FBI and the DEA have possession and control of the records sought by its Requests.

9. Defendant DOS and Defendant Office of Information Programs is a component of DOS. Both are federal agencies within the meaning of 5 U.S.C. § 552(f). CIR is informed and

believes that DOS and the Office of Information Programs have possession and control of the records sought by its Requests.

10. Defendant DOD is a federal agency and the United States Northern Command ("USNC"), and the Defense Intelligence Agency ("DIA") are components of the DOD. All are federal agencies within the meaning of 5 U.S.C. § 552(f). CIR is informed and believe that the DOD, USNC and DEA have possession and control of the records sought by its Requests.

### III.   JURISDICTION

11. This Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. §§ 701-706, and 28 U.S.C. § 1331.

### IV.   VENUE

12. Venue in the U.S. District Court for the Northern District of California is proper under 5 U.S.C. § 552(a)(4)(B) as CIR has its principal place of business in Emeryville, California and the FOIA Requests at issue in this litigation were all made in Alameda County. For the same reason, venue also is proper under 28 U.S.C. § 1391(e).

### V.   FACTS

### CIR'S JUNE, 2020 FOIA REQUESTS

### (Leaks of Intercepted DEA Texts)

13. In June of 2020, CIR, through Ms. Diaz-Cortes, submitted FOIA Requests to Defendants DEA, DOJ (both the Criminal Division, Office of International Affairs and the Executive Office for US Attorneys), and DOS seeking "all records related in whole or in part to the Mexican government's decision to leak text messages secretly obtained by the Drug Enforcement Administration (DEA) during its 2014 investigation in Chicago, IL." CIR explained in its requests: "The United States had provided the texts in response to an official request in support of criminal investigations underway in Mexico. In an article published April 12, 2018, the newspaper *Reforma* reproduced the texts verbatim – messages sent between members of the Mexican drug cartel Guerreros Unidos based in Chicago and their partners in Mexico during the hours and days immediately after the disappearance of 43 Ayotzinapa students in Iguala, Guerrero [Mexico]." These documents have been publicly acknowledged several times and have become a

matter of public interest. See https://unredacted.com/2018/04/16/transcripts-of-intercepted-cell-phones-open-new-lines-of-investigation-in-ayotzinapa-case/ More specifically, CIR requested "documents including, but not limited to, demarches, intelligence reports, cables, memoranda, letters, talking points, biographical sketches, transcripts, briefing papers, intelligence bulletins, meeting minutes, background papers, internal staff reactions, memoranda of conversation and electronic messages" from January 1, 2018 to the present.

14. As part of these requests, CIR requested expedited processing.

15. The DOJ acknowledged CIR's Request dated June 19, 2020 on June 22, 2020, and assigned it case number EOUSA-2020-003306. The DOJ Criminal Division acknowledged CIR's Request dated June 30, 2020 on July 24, 2020, and assigned it case number CRM-301278234. The DEA acknowledged CIR's Request dated June 30, 2020 on July 20, 2020, and assigned it case number 20-00491-F. The DOS responded to CIR's Request dated June 30, 2020 on July 6, 2020, stating that the information requested falls under the purview of the DEA, and recommending filing the request with DEA.

**(Military Monitoring Records)**

16. Also in June of 2020, CIR through Ms. Diaz-Cortes, submitted further FOIA Requests to Defendants DOD, DIA, and DOS seeking "all records from the period September 1, 2014 to the present, related in whole or in part to actions of the Mexican military in connection to the September 2014 disappearance" of the 43 Mexican students. In particular, these requests sought records "that pertain to the military's monitoring of and interactions with the students; the gathering of intelligence during the attacks in Iguala and immediate aftermath on September 26-27, 2014; the capture and interrogation of detainees; the discovery of evidence at the garbage dump in Cocula and nearby River San Juan; the military's official declarations to the Mexican Attorney General (Procuraduria General de la Republica, or PGR – Later Fiscalia General de la Republica, FGR); the military's relationship with GIEI (the interdisciplinary group of experts); its public statements about the case; and military cooperation with or obstruction of the ongoing investigations under two Presidents, Enrique Pena Nieto and Andres Lopez Obrador. By 'military,' we refer to the Army and Navy/Marines, and more specifically, the 27th Infantry

Battalion based in Iguala, Guerrero, and the 35th Military Zone, Region IX, based in Chilpancingo, Guererro [Mexico]." More specifically, CIR asked for "Information Intelligence Reports, cables, memoranda, letters, talking points, biographical sketches, transcripts, briefing papers, intelligence bulletins, meeting minutes, background papers, memoranda of conversation, emails and other electronic records."

17. These incidents and documents have been publicly acknowledged several times and have become a matter of public interest. A report by the Interdisciplinary Group of Independent Experts (Grupo Interdisciplinario de Expertos y Expertas Independientes, GIEI), documented acctions of members of the 27th Battalion around the time of the disappearance. *See* https://www.oas.org/es/cidh/actividades/giei/GIEI-InformeAyotzinapa2.pdf. The U.S. Department of State's "Mexico 2018 Human Rights Report," also notes alternate investigations into military involvement in the Ayotzinapa case. https://www.state.gov/wp-contgent/uploads/2019/03/MEXICO-2018.pdf.

18. As part of these FOIA requests, CIR requested expedited processing.

19. DOD acknowledged CIR's Request dated June 26, 2020 on July 2, 2020, and assigned it case number 20-F-1300. DOD then forwarded the request to DIA and closed its file. DIA has yet to acknowledge CIR's Request dated June 26, 2020, or the transfer request from DOD. DOS acknowledged CIR's Request dated June 26, 2020 on June 30, 2020, and assigned it case number F-2020-06484.

**(Mexican Military Officer Records)**

20. Also in June of 2020, CIR, through Ms. Diaz-Cortes, filed further FOIA Requests to Defendants DIA, DOS and DEA seeking "all records" during the period 2010 to the present, related in whole or in part to the following Mexican military officers: General Alejandro Saavedra Hernández, General Humberto Alfonso Guillermo Aguilar, General Alfredo Oropeza Garnica, Commander, Col. José Rodríguez Pérez, Lt. Colonel Benito Cegueda Hernández, Captain José Martínez Crespo, Captain Roberto Vásquez Hernández, Second Captain Paul Escobar López, Lt. Joel Gálvez Santos, Lt. Francisco Macías Barbosa, Lt. José Alfredo Casarrubias Salgado, Lt. Jorge Ortiz Canales, Second Lt. Fabián Alejandro Pirita Ochoa, Sgt. Felipe González Cano,

6

Corporal David Aldegundo González Cabrera, Corporal Ezequiel Carrera Rifas, Corporal Eduardo Mota Esquivel, Corporal Juan Carlos Peralta, Soldier Uri Yashiel Reyes Lasos, Soldier Óscar Cruz Román, Soldier Rodolfo Antonio López Aranda

21. As part of these FOIA requests, CIR requested expedited processing.

22. The DIA has yet to acknowledge CIR's Request dated June 26, 2020. DOS acknowledged CIR's Request dated June 26, 2020 on July 1, 2020 and assigned it case number F-2020-06517. DEA acknowledged CIR's Request dated June 26, 2020 on August 12, 2020 and assigned it case number 20-00469-F. The DEA then closed the request.

### CIR's July, 2020 FOIA Requests

### (Records of the Disappearance of the 43 Students)

23. In July of 2020, CIR, through its reporter Anayansi Diaz-Cortes, made FOIA requests for "all records from September 1, 2014 to the present related in whole or part to the September 26-27, 2014 disappearance of 43 Mexican students from the Escuela Normal Rural Raul Isidro Burgos in Iguala, Guerrero (Mexico) and the investigation that followed." The FOIA Requests were submitted to Defendants CIA, DEA, FBI, DOS and USNC. The Requests sought:

"Intelligence reports, cables, memoranda, letters, talking points, biographical sketches, transcripts, briefing papers, intelligence bulletins, meeting minutes, background papers, memoranda of conversation and electronic messages."

24. As part of these Requests, CIR requested expedited processing. *Id.*

25. CIA has yet to acknowledge CIR's Request dated July 10, 2020. DEA acknowledged CIR's Request dated July 10, 2020 on July 20, 2020, and assigned it case number 20-00511-F. FBI has yet to acknowledge CIR's Request dated July 10, 2020. DOS acknowledged CIR's Request dated July 14, 2020 on July 15, 2020, and assigned it case number F-2020-06772. USNC has yet to acknowledge CIR's Request dated July 10, 2020.

### Defendants' Handling of CIR's FOIA Requests and Constructive Denial

26. Although Defendants have, in some instances, acknowledged receipt of CIR's FOIA Requests, to date, *Defendants have failed to produce a single document*. Defendants have constructively denied CIR's FOIA Requests.

7
COMPLAINT FOR DECLARATORY RELIEF FOR VIOLATING FOIA
Case No. 3:20-cv-06641

27. As of the filing of this Complaint, months have elapsed since CIR submitted its FOIA Requests. Because Defendants have failed to comply with the 20-business-day time limit provision of FOIA, 5 U.S.C. § 552(a)(6)(A)(i), CIR is deemed to have exhausted its administrative remedies with respect to its FOIA Requests under 5 U.S.C. § 552(a)(6)(C)(i).

## VI. FIRST CLAIM FOR RELIEF

### (Violation of FOIA)

28. CIR incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

29. Defendants have a legal duty under FOIA to determine whether to comply with a request within 20 days after receiving the request and have a legal duty to notify the requester of the agency's determination and the reasons therefore. CIR has a legal right under FOIA to obtain the agency records they sought in their Request, and there exists no legal basis for Defendants' failure to make these records available on an expedited basis.

30. Defendants' steadfast failure to make promptly available the records sought by the Requests violates FOIA, 5 U.S.C. § 552(a)(3)(A) and (a)(6)(A)(ii), and applicable regulations promulgated thereunder.

## VII. PRAYER FOR RELIEF

WHEREFORE, CIR requests the Court award it the following relief:

A. Declare that Defendants violated FOIA in their response to CIR's FOIA requests, and CIR's requests for expedited processing;

B. Order Defendants to immediately disclose the requested records to CIR and enter an injunction prohibiting Defendants from continuing to withhold the requested records;

C. Award CIR its reasonable costs and attorney's fees;

D. Grant such further relief as the court may deem just and proper.


| | |
|---|---|
| Dated: September 22, 2020 | Respectfully submitted, |
| | DAVIS WRIGHT TREMAINE LLP |
| | By: /s/ *Thomas R. Burke*<br>THOMAS R. BURKE |
| | Attorneys for Plaintiff THE CENTER FOR INVESTIGATIVE REPORTING |

9

COMPLAINT FOR DECLARATORY RELIEF FOR VIOLATING FOIA
Case No. 3:20-cv-06641


Dated: September 22, 2020

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: /s/ *Thomas R. Burke*
THOMAS R. BURKE

Attorneys for Plaintiff THE CENTER FOR INVESTIGATIVE REPORTING