1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2  SARA WINSLOW (DCBN 457643)
   Chief, Civil Division
3  SHARANYA MOHAN (NYRN 5027768)
   Assistant United States Attorney
4  450 Golden Gate Avenue
5  San Francisco, California 94102-3495
   Telephone: (415) 436-7198
6  Fax: (415) 436-6748
   sharanya.mohan@usdoj.gov
7

8  Attorneys for Defendants

9                    UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12

13

14  THE CENTER FOR INVESTIGATIVE          )  CASE NO. 3:20-cv-06641-WHA
    REPORTING,                            )
15                                        )
          Plaintiff,                      )
16                                        )  DEFENDANTS' ANSWER TO COMPLAINT FOR
       v.                                 )  DECLARATORY AND INJUNCTIVE RELIEF
17                                        )  FOR VIOLATIONS OF THE FREEDOM OF
    CENTRAL INTELLIGENCE AGENCY; U.S.     )  INFORMATION ACT
18  DEPARTMENT OF JUSTICE; FEDERAL        )
    BUREAU OF INVESTIGATION; U.S. DRUG    )
19  ENFORCEMENT ADMINISTRATION; U.S.      )
    DEPARTMENT OF STATE; U.S.             )
20  DEPARTMENT OF DEFENSE; NORTHERN       )
    COMMAND; and U.S. DEFENSE             )
21  INTELLIGENCE AGENCY,                  )
                                          )
22                                        )
          Defendants.                     )
23

24

25

26

27

28

DEFENDANTS' ANSWER
CASE NO. 3:20-CV-06641-WHA

1    Defendants Central Intelligence Agency ("CIA"); U.S. Department of Justice ("DOJ"); Federal

2  Bureau of Investigation ("FBI"); U.S. Drug Enforcement Administration ("DEA"); U.S. Department of

3  State ("State"); U.S. Department of Defense ("DOD"); Northern Command ("USNC"); and U.S.

4  Defense Intelligence Agency ("DIA") (collectively, "Defendants") hereby respond to the Complaint for

5  Declaratory and Injunctive Relief for Violations of the Freedom of Information Act filed by Plaintiff

6  Center for Investigative Reporting ("CIR" or "Plaintiff") on September 22, 2020.  The numbered

7  paragraphs of this Answer correspond to the numbered paragraphs of the Complaint.

8                                    **INTRODUCTION**[1]

9        1.        Paragraph 1 consists of a characterization of this action to which no response is required.

10  To the extent a response is required, Defendants admit that this action is brought by CIR pursuant to the

11  Freedom of Information Act ("FOIA") concerning certain FOIA requests submitted to various agencies

12  by a reporter affiliated with CIR.   Additionally, Defendants aver that Plaintiff did not submit a FOIA

13  request to the Department of Justice, but instead submitted requests to certain components of DOJ,

14  namely the FBI, EOUSA, DEA, and DOJ's Criminal Division ("DOJ-CRM").  Defendants have

15  responded or are still in the process of evaluating their responses to certain of the FOIA requests at

16  issue, including, without limitation, whether any responsive documents exist and whether any FOIA

17  exemptions apply, and thus deny that the records requested are "in Defendants' possession" on that

18  basis.  Defendants further refer the Court to the FOIA requests at issue in this case for a full and accurate

19  statement of their contents.  Defendants otherwise deny the allegations in Paragraph 1.

20        2.        Defendants are without sufficient knowledge to admit or deny the factual allegations in

21  Paragraph 2 and respectfully refer the Court to the articles cited in Paragraph 2 for a full and accurate

22  description of their contents.

23        3.        Defendants deny that Plaintiff began submitting the requests at issue in the Complaint in

24  May 2020.  To the extent that the allegations of Paragraph 3 and Exhibit A attempt to characterize the

25  FOIA requests at issue in this action, Defendants deny the allegations on that basis, and refer the Court

26  to the FOIA requests at issue in this case for a full and accurate statement of their contents.  Regarding

27

28  [1] Defendant has included the headings listed in the Complaint simply to assist in reading the pleadings
and does not admit the accuracy of those headings.

1  the allegations of the third sentence of Paragraph 3, Defendants deny that they have constructively

2  denied CIR's FOIA requests, to the extent that they are still in the process of evaluating their responses

3  to the FOIA requests, including, without limitation, whether any records in their possession are

4  responsive to certain of the requests, and whether any such record would be subject to an applicable

5  FOIA exemption, or have otherwise responded to the requests as outlined herein.  Defendants further

6  deny that Plaintiff is entitled to any judicial relief.

7        4.     Defendants are without sufficient knowledge to admit or deny the allegation that "VOSD

8  plays a critical role in providing information to citizens about 'what their government is up to.'"  The

9  remaining allegations in Paragraph 4 contain CIR's legal conclusions regarding FOIA, to which no

10 response is required.  Defendants respectfully refer the Court to the statute and cited cases for a full and

11 accurate statement of their contents.

12       5.     Defendants are without sufficient knowledge to admit or deny the factual allegations of

13 the first sentence of Paragraph 5 regarding CIR's motivations for filing this action.  To the extent that

14 the allegations of the first sentence of Paragraph 5 attempt to characterize the FOIA requests at issue in

15 this action, Defendants deny the allegations on that basis and refer the Court to the FOIA requests at

16 issue in this case for a full and accurate statement of their contents.  The allegations in the second

17 sentence of Paragraph 5 consist of conclusions of law to which no response is required.  To the extent a

18 response is deemed required, Defendants deny the allegations and deny that CIR is entitled to judicial

19 relief.

20                                      **PARTIES**

21       6.     Defendants are without sufficient knowledge to admit or deny the factual allegations in

22 Paragraph 6.

23       7.     Defendants admit that CIA is a federal agency.  Defendants are without sufficient

24 knowledge to admit or deny the allegations regarding CIR's information and belief.  Without waiving

25 any rights or defenses, CIA avers that is still in the process of evaluating whether any records in its

26 possession are responsive to the FOIA request at issue for CIA, and whether any such record would be

27 subject to an applicable FOIA exemption, and thus denies the remaining allegations of Paragraph 7 on

28 that basis.

8.      Defendants admit that DOJ is a federal agency and that FBI and DEA are components of DOJ.  Defendants are without sufficient knowledge to admit or deny the allegations regarding CIR's information and belief.  Without waiving any rights or defenses, FBI, DOJ-CRM, and DEA aver that they are still in the process of evaluating whether any records in their possession are responsive to the respective requests submitted to those agencies or components, and whether any such record would be subject to an applicable FOIA exemption, and thus deny the remaining allegations of Paragraph 8 on that basis.

9.      Defendants admit that DOS is a federal agency and that DOS Office of Information Programs is a component of DOS, but deny that DOS Office of Information Programs is a named defendant in this action or a separate federal agency.  Defendants are without sufficient knowledge to admit or deny the allegations regarding CIR's information and belief.  Without waiving any rights or defenses, DOS avers that it is still in the process of evaluating whether any records in its possession are responsive to the any of the FOIA requests at issue for DOS, and whether any such record would be subject to an applicable FOIA exemption, and thus denies the remaining allegations of Paragraph 9 on that basis. DOS further avers that it was not in receipt of a fifth FOIA request purportedly submitted by CIR to DOS, identified solely on Exhibit A to the Complaint and purported to concern Tomás Zerón, prior to the filing of the Complaint and thus denies any allegations in the Complaint that relate to that request.

10.     Defendants admit that DOD is a federal agency and that USNC and DIA are components of DOD.  Defendants are without sufficient knowledge to admit or deny the allegations regarding CIR's information and belief.  Without waiving any rights or defenses, DIA and USNC aver that they are still in the process of evaluating whether any records in their possession are responsive to the respective requests submitted to those components, and whether any such record would be subject to an applicable FOIA exemption, and thus deny the remaining allegations of Paragraph 10 on that basis.

## JURISDICTION

11.     Paragraph 11 contains CIR's legal conclusions regarding jurisdiction, to which no response is required.

**VENUE**

12.     Paragraph 12 contains CIR's legal conclusions regarding venue, to which no response is required.  To the extent a response is required, Defendants do not contest venue in this District.

**FACTS**

13.     DEA denies that CIR submitted the FOIA request described in Paragraph 13 to DEA in June 2020, and avers that the request was submitted by Ms. Anayansi Diaz-Cortes via email on July 2, 2020 (the "DEA 20-00491 Request").  DOJ admits that Ms. Diaz-Cortes submitted a FOIA request to DOJ-CRM in June 2020 (the "DOJ-CRM Request").  DOJ admits that Ms. Diaz-Cortes submitted a FOIA request to EOUSA in June 2020 (the "EOUSA Request").  DOS admits that Ms. Diaz-Cortes submitted a FOIA request to DOS in June 2020 (the "DOS 06613 Request").  To the extent the allegations in Paragraph 13 seek to characterize the content of the above FOIA requests, DEA, DOJ (DOJ-CRM and EOUSA), and DOS respectfully refer the Court to the FOIA requests referenced in Paragraph 13 for a full and accurate statement of their contents.  Defendants are without sufficient knowledge to admit or deny the factual allegations in the third and fourth sentence of Paragraph 13 and respectfully refer the Court to the cited article and website for a full and accurate description of their contents.

14.     DEA admits that Ms. Diaz-Cortes requested expedited processing for the DEA 20-00491 Request.  DOJ admits that Ms. Diaz-Cortes requested expedited processing for the DOJ-CRM Request and the EOUSA Request.  DOS admits the DOS 06613 Request sought expedited processing.

15.     DEA admits that DEA acknowledged the DEA 20-00491 Request on or about July 20, 2020, and assigned it case number 20-00491-F.  DEA further avers that it provided a status update to CIR regarding the DEA 20-00491 Request on or about September 11, 2020.  DOJ admits that EOUSA acknowledged the EOUSA Request on or about June 22, 2020, and assigned it case number EOUSA-2020-003306.  DOJ avers that on or about June 24, 2020, EOUSA informed CIR that the requested information was not information maintained by EOUSA or individual U.S. Attorney's Offices, but rather by DEA, and that it was forwarding the request to DEA.  That notice further informed CIR that it had taken final action on the EOUSA Request and provided information regarding any administrative appeal.  CIR never administratively appealed EOUSA's response.  DOJ further admits that DOJ-CRM

DEFENDANTS' ANSWER
CASE NO. 3:20-CV-06641-WHA                    4

1    acknowledged the DOJ-CRM Request on or about July 24, 2020 and assigned it case number CRM-

2    301278234.  DOS admits that it formally acknowledged the June 30, 2020 request on or about July 6,

3    2020, and respectfully refers the Court to DOS's response for a full and accurate description of its

4    contents.

5           16.     DOD admits that Ms. Diaz-Cortes submitted a FOIA request to DOD in June 2020 (the

6    "DOD 20-F-1300 Request").  DIA avers that CIR purports to have submitted a FOIA request to DIA

7    that was identical to the DOD 20-F-1300 Request on or about June 26, 2020 (the "DIA First Request"),

8    but is unable to verify receipt of the DIA First Request.  DIA avers that it received the DIA First

9    Request on or about October 28, 2020.  DOS admits that Ms. Diaz-Cortes submitted a FOIA request to

10   DOS dated June 26, 2020 (the "DOS 06484 Request").  In response to the second, third, and fourth

11   sentences of Paragraph 16, DOD, DIA, and DOS respectfully refer the Court to the FOIA requests

12   referenced in Paragraph 16 for a full and accurate statement of their contents.

13          17.     Defendants are without sufficient knowledge to admit or deny the factual allegations in

14   the first and second sentences of Paragraph 17 and respectfully refer the Court to the cited website for a

15   full and accurate description of its contents.  In response to the third sentence of Paragraph 17, DOS

16   respectfully refers the Court to the cited report for a full and accurate description of its contents.

17          18.     DOD admits that Ms. Diaz-Cortes requested expedited processing of the DOD 20-F-2300

18   Request.  DIA denies the allegations of Paragraph 18 on the basis that it is unable to verify receipt of the

19   DIA First Request prior to the Complaint.  DOS admits that CIR's June 26, 2020 request sought

20   expedited processing.

21          19.     DOD admits that it acknowledged the DOD 20-F-2300 Request on or about July 2, 2020.

22   DOD avers that, in that acknowledgement, it informed CIR that there is no central FOIA processing

23   point for records for the entire DOD and that FOIA processing is decentralized within DOD.  As such,

24   DOD referred the request to DIA and closed the DOD 20-F-2300 Request.  DIA denies the allegations

25   of Paragraph 19 on the basis that it has received, after this litigation was filed, the DIA First Request.

26   DOS admits that it formally acknowledged the DOS 06484 Request on June 30, 2020, and assigned it

27   case number F-2020-06484.

28          20.     DIA denies the allegations of Paragraph 20 on the basis that it did not receive a second

1   FOIA request at issue in or about June 2020.  DIA avers that it received a second request made by Ms.

2   Diaz-Cortes to DIA in November 2020 (the "DIA Second Request").  DOS admits that Ms. Diaz-Cortes

3   submitted a second request to DOS dated June 26, 2020 (the "DOS 06517 Request").  DEA denies the

4   allegations of Paragraph 20 and avers that it never received a request for "all records" related in whole

5   or in part to the identified Mexican military officers from Plaintiff.  DIA and DOS respectfully refer the

6   Court to the referenced FOIA requests for a full and accurate statement of their contents.

7        21.   DEA denies the allegations of Paragraph 21 on the basis that it never received the request

8   described in Paragraph 20.  DIA denies the allegations of Paragraph 21 on the basis that it is unable to

9   verify receipt of the DIA Second Request prior to the Complaint, and the DIA Second Request did not

10  contain a request for expedited processing.  DOS denies that the DOS 06517 Request sought expedited

11  processing.

12       22.   DIA denies the allegations of Paragraph 22 on the basis that it did not receive the DIA

13  Second Request until November 2020 and thus was not able to acknowledge it prior to the Complaint.

14  DOS admits that it formally acknowledged the DOS 06517 Request on July 1, 2020 and assigned it case

15  number F-2020-06517.  DEA avers that Ms. Diaz-Cortes submitted a FOIA request to DEA on or about

16  June 26, 2020, that was assigned case number 20-00469-F (the "DEA 20-00469 Request").  DEA

17  denies, however, that the DEA 20-00469 Request sought "all records" related in whole or in part to the

18  identified Mexican military officers, and respectfully refers the Court to the DEA 20-00469 Request for

19  a full and accurate statement of its contents.  DEA further avers that it administratively closed the DEA

20  20-00469 Request on the bases that the request did not reasonably describe records and was overly

21  broad, as stated in its response to the request.  DEA further avers that CIR appealed the closure on

22  September 2, 2020, and that the appeal was administratively closed after this Complaint was filed

23  without being fully adjudicated.

24       23.   DEA admits that Ms. Diaz-Cortes submitted a FOIA request to DEA on or about July 10,

25  2020 (the "DEA-20-00511 Request").  CIA admits that Ms. Diaz-Cortes submitted a FOIA request to

26  CIA on or about July 10, 2020 (the "CIA Request").  FBI admits that Ms. Diaz-Cortes submitted a FOIA

27  request to FBI that is dated July 10, 2020 (the "FBI Request").  DOS admits that it received a FOIA

28  request from Ms. Diaz-Cortes dated July 14, 2020 (the "DOS 06772 Request").  USNC avers that CIR

1   purports to have submitted a request to USNC on or about July 14, 2020 (the "USNC Request"), but is

2   unable to verify receipt of the USNC Request prior to the Complaint.  DEA, FBI, DOS, USNC, and CIA

3   respectfully refer the Court to the FOIA requests referenced in Paragraph 23 for a full and accurate

4   statement of their contents.

5         24.     DEA, FBI, DOS, USNC, and CIA admit that Ms. Diaz-Cortes requested expedited

6   processing for the respective requests discussed in Paragraph 23.

7         25.     CIA denies the allegations of Paragraph 25 and avers that CIA acknowledged the CIA

8   Request on or about July 17, 2020, and assigned it reference number F-2020-01775.  DEA admits that

9   DEA acknowledged the DEA 20-00511 Request on July 20, 2020, and assigned it case number 20-

10  00511-F.  FBI denies the allegations of Paragraph 25 and avers that FBI acknowledged the FBI Request

11  on or about July 27, 2020 and assigned it number 1470428-000.  DOS admits that it formally

12  acknowledged the DOS 06772 Request on July 15, 2020, and assigned it case number F-2020-06772.

13  USNC admits that it had not acknowledged the USNC Request as of the time of the Complaint but avers

14  that it is unable to verify receipt of the USNC Request prior to the filing of the Complaint.

15        26.     Defendants admit that in some instances, they have acknowledged receipt of CIR's FOIA

16  requests as outlined above and that Defendants had not released any documents in response to the

17  requests at the time of the Complaint.  Defendants deny the remaining allegations of Paragraph 26 to the

18  extent that they are still in the process of evaluating whether any records in their possession are

19  responsive to the FOIA requests, and whether any such record would be subject to an applicable FOIA

20  exemption.  Defendants further deny the allegations of Paragraph 26 to the extent that certain agencies

21  or components have already responded to certain of the requests, in some instances administratively

22  closing the requests on the basis that the requests were made to the wrong agency or component, or

23  referring the requests to other agencies or components.  Defendants further deny any allegation in

24  Paragraph 26 that CIR is entitled to any of the records sought, to the extent that CIR is not entitled to

25  such records under FOIA.

26        27.     Defendants admit the allegations of the first sentence of Paragraph 27, except that DIA

27  and USNC are unable to verify receipt of the respective requests to those components until after the

28  Complaint was filed, as otherwise outlined herein.  Defendants deny the remaining allegations of

DEFENDANTS' ANSWER
CASE NO. 3:20-CV-06641-WHA       7

Paragraph 27 on the basis that CIR has not exhausted its administrative remedies as to at least some of the requests at issue. For example, EOUSA responded to the EOUSA Request within days of receiving the EOUSA Request, and CIR failed to appeal EOUSA's response. Similarly, DEA administratively closed the DEA 20-00469 Request on the bases that the request did not reasonably describe records and was overly broad, and CIR appealed the closure on or about September 2, 2020, and failed to await a ruling on the appeal before filing suit less than 20 business days later. 5 USC 552(a)(6)(A)(ii). Additionally, CIR has not appealed the denial of expedited processing as to any of the requests at issue where such request was denied. Defendants further deny the allegations of the second sentence of Paragraph 27 on the basis that FOIA does not require, in all instances, a determination within 20 days and in some instances allows for tolling of that period or extended deadlines.

## FIRST CLAIM FOR RELIEF

28.   Defendants repeat and reallege their responses to Paragraphs 1-27.

29.   The allegations in the first sentence of Paragraph 29 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations on the basis that FOIA does not require, in all instances, a determination within 20 days and in some instances allows for tolling of that period or extended deadlines. Defendants deny the allegations of the second sentence of Paragraph 26 that CIR has a "legal right" to any of the records sought, to the extent that they are not entitled to such records under FOIA. Moreover, Defendants deny that CIR is entitled to expedited treatment of the requests at issue.

30.   Defendants deny the allegations of Paragraph 30.

The remainder of the Complaint consists of CIR's Prayer for Relief, to which no response is required. To the extent a response is required, Defendants deny the allegations in the Prayer for Relief section of the Complaint, and deny that CIR is entitled to any of the relief requested, or to any relief whatsoever from Defendants.

To the extent a response may be required, Defendants deny any allegations contained in Exhibit A to the Complaint not addressed otherwise in this Answer that are inconsistent with the FOIA requests, or responses to the FOIA requests, that are characterized therein.

Any Defendant to whom a particular allegation in the Complaint is not directed is without

1 sufficient knowledge to admit or deny such allegation unless otherwise addressed herein.

2       Each Defendant denies each and every allegation not previously admitted or otherwise qualified

3 by that Defendant.

4                                               DEFENSES

5       1.      The FBI and DEA, which are components of DOJ, are not proper defendants in this case

6 as they are not agencies within the meaning of 5 U.S.C. § 552(f).

7       2.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to submit a

8 request or exhaust its administrative remedies.

9       3.      The FOIA requests that are the subject of this lawsuit implicate certain information that is

10 protected from disclosure by one or more statutory exemptions.  *See* 5 U.S.C. § 552(b).  Disclosure of

11 such information is not required or permitted.

12      4.      CIR is not entitled to remedies beyond what is provided for in the FOIA.  *See* 5 U.S.C. §

13 552.

14      5.      The Complaint should be dismissed to the extent that the Court lacks subject matter

15 jurisdiction over any aspect of the Complaint.

16      6.      The Complaint should be dismissed to the extent it fails to state a claim for relief.

17      7.      Some or all of the requests at issue are unreasonably broad or not reasonably described,

18 as required by FOIA.

19      Defendants have insufficient knowledge or information at this time on which to form a belief as

20 to whether they have additional, as yet unstated, defenses available.  Defendants reserve the right to

21 assert additional defenses in the event developments indicate it would be appropriate.

22      WHEREFORE, having fully answered, Defendants respectfully pray that Plaintiff's Complaint

23 be dismissed with prejudice and judgment be entered in favor of Defendants, and request such further

24 relief as the Court deems appropriate.

25

26

27

28

1   DATED:  December 15, 2020                          Respectfully submitted,

2                                                      DAVID L. ANDERSON
                                                       United States Attorney
3
                                                       */s/  Sharanya Mohan*
4                                                      SHARANYA MOHAN
                                                       Assistant United States Attorney
5
                                                       Attorneys for the Defendants
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28