STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney
MICHELLE LO (NYBN 4325163)
Chief, Civil Division
BENJAMIN J. WOLINSKY (CABN 305410)
Assistant United States Attorney

450 Golden Gate Avenue
San Francisco, California 94102-3495
Telephone: (415) 436-6996
Facsimile: (415) 436-6748
benjamin.wolinsky@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING,<br><br>Plaintiff,<br><br>vs.<br><br>CENTRAL INGELLIGENCE AGENCY; U.S. DEPARTMENT OF JUSTICE; FEDERAL BUREAU OF INVESTIGATION; U.S. DRUG ENFORCEMENT ADMINISTRATION; U.S. DEPARTMENT OF STATE; U.S. DEPARTMENT OF DEFENSE; U.S. NORTHERN COMMAND; and U.S. DEFENSE INTELLIGENCE AGENCY,<br><br>Defendants. | Case No. 3:20-cv-06641-WHA<br><br>**JOINT RESPONSE**<br><br><br><br>Action filed: September 22, 2020<br>Trial date: None set. |

## **JOINT RESPONSE**

The parties have conferred and carefully considered the Court's proposal to shift the review burden to Plaintiff for the records that Plaintiff continues to seek. *See* ECF 47. The parties mutually agree that the proposal is not workable. The remaining records have not yet been processed, meaning that allowing Plaintiff's counsel to review them at this stage would disclose exempt information to them. That is particularly problematic here because the vast majority of the remaining records are classified. Sections 4.1(a)(3) and 6.1(dd) of Executive Order 13,526 preclude the Department of State ("DOS") by law from granting access to classified information to individuals (including those with security clearances) when no determination has been made "within the executive branch" that the individuals "need to know" that information "in order to perform or assist in a lawful and authorized governmental function." The United States has consistently taken the position that the furtherance of civil litigation does not fall within the need-to-know standard. Additionally, though counsel for Plaintiff promptly investigated whether it employed attorneys with any level of security clearance, none were found. Certain attorneys formerly employed by the government did at one time hold clearances, but those were rescinded following the attorneys' entrance into private practice.

However, the parties have developed an alternative to the Court's proposal, based on DOS' processing of the same records in another FOIA case, *National Security Archive v. Department of State*, 20-cv-3649 (D.D.C.) (Sullivan, J.) (the "DC Litigation"). The FOIA requests here substantially overlap with those in the DC Litigation, with both plaintiffs seeking records from the same time period related to the disappearance of the 43 Mexican students from the Escuela Normal Rural Raul Isidro Burgos in Iguala, Guerrero, and to the role the Mexican military and the Guerreros Unidos, a drug cartel, may have played in the incident. Thus, the same universe of around 15,000 classified-network pages at issue here is being processed in connection with the DC Litigation.

For that reason, that parties propose that DOS will simultaneously provide Plaintiff with any productions made in the DC Litigation.[1] Plaintiff and the National Security Archive (the "Archive"), the plaintiff in the DC litigation, have formally agreed that any challenges Plaintiff wishes to make, including to the adequacy of the search or of the production, or to the exemptions asserted, will be made by the Archive in the DC Litigation.[2] Upon completion of the one non-classified document still undergoing agency consultation, this proposal will allow the parties and the Court to close out the processing stage of this case and move towards its resolution.

As to the previous productions by the Defendants, the parties propose that by December 23, 2021, the parties will: (i) continue to meet to confer about redactions and withholdings, including those from consultations and referrals; and (ii) provide the Court with a status report including, if necessary, a proposed schedule for dispositive motions. This process will best conserve the resources of the parties and the Court, as well as clarify and potentially resolve any remaining issues.

---

[1] The court has not imposed a processing rate in the DC Litigation to-date. However, DOS has informed Plaintiff that it is willing to endeavor in good faith to process an average of 300 pages per month moving forward in the DC Litigation.

[2] This solution should not serve as any precedent for other FOIA disputes. However, Plaintiff – like DOS – believes that the unique nature of this litigation and the Court's desire to have it be resolved informally and expeditiously is best served by the parties' proposal.

| | | |
|---|---|---|
| 1 | Dated: November 10, 2021 | Respectfully submitted, |
| 2 | | DAVIS WRIGHT TREMAINE LLP |
| 3 | | |
| 4 | | By: /s/ *Sam F. Cate-Gumpert* |
| | | SAM F. CATE-GUMPERT |
| 5 | | Attorneys for Plaintiff |

Dated: November 10, 2021

Respectfully submitted,
STEPHANIE M. HINDS
Acting United States Attorney

By: /s/ *Benjamin J. Wolinsky*
BENJAMIN J. WOLINSKY
Assistant United States Attorney

Attorneys for Defendants[3]

---

[3] Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that Plaintiff consented to its filing.